UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE LEE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | CASE NO. 1:17CV1865<br><br>MAGISTRATE JUDGE GEORGE J. LIMBERT<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Jacqueline Lee ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on December 14, 2017, Plaintiff asserts that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination is not supported by substantial evidence as the ALJ failed to follow the treating physician rule and failed to consider the side effects of her medications. ECF Dkt. #14. Defendant filed a response brief on January 16, 2018. ECF Dkt. #15. Plaintiff filed a reply brief on January 30, 2018. ECF Dkt. #16.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in January 2015 and April 2015, respectively. ECF Dkt. #12 ("Tr.") at 184-91.[2] The claims were denied initially and upon reconsideration. *Id.* at

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF

84, 113-14, 117-21, 127-30, 134-36. Plaintiff then requested a hearing before an ALJ, which was held on September 30, 2016. *Id.* at 38. On November 29, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. Tr. at 15. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1. Accordingly, the decision issued by the ALJ on November 29, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on September 6, 2017. ECF Dkt. #1. Plaintiff filed a brief on the merits on December 14, 2017. ECF Dkt. #14. Defendant filed a response brief on January 16, 2018. ECF Dkt. #15. Plaintiff filed a reply brief on January 30, 2018. ECF Dkt. #16.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

On November 29, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 15. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. *Id.* at 20. Continuing, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 14, 2014, the alleged onset date. *Id.* The ALJ then stated that Plaintiff had the following severe impairments: degenerative disc disease in cervical and lumbar regions; dysfunction of major joints; chronic obstructive pulmonary disease; asthma; migraine; and fibromyalgia. *Id.* Next, the ALJ indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22.

After consideration of the record, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following additional limitations: frequent bilateral handling and fingering; occasional climbing of ramps and stairs; never climbing ladders, ropes, or scaffolds; frequent balancing; occasional stooping, kneeling, and crouching; never crawling; no exposure to hazards such as unprotected heights, moving mechanical parts, and/or operating a motor vehicle commercially; and avoid concentrated exposure to humidity, extreme cold, extreme heat, and dusts, fumes, odors, and pulmonary irritants. Tr. at 23. The ALJ then determined that Plaintiff was capable of performing work as an insurance clerk, claims auditor,

---

system.

and collection clerk that did not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* at 27. For these reasons, the ALJ concluded that Plaintiff had not been under a disability, as defined by the Social Security Act, from October 14, 2014, the alleged onset date, through the date of the decision. *Id.* at 28.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));
>
> 2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));
>
> 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));
>
> 4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));
>
> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings

of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

### A. Treating Physician Rule

Plaintiff first claims that the ALJ failed to follow the treating physician rule. ECF Dkt. #14 at 14. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule ("SSR") 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is

supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Specifically, Plaintiff claims that MRI records provide the medically acceptable laboratory and diagnostic techniques that support assigning controlling weight to the opinion of Aphrodite Papadakis, M.D. ECF Dkt. #14 at 15. Plaintiff also asserts that other evidence supports Dr. Papadakis' opinion and that the "objective evidence confirms that Plaintiff's main limiting factor was the pain caused by her many impairments, and Dr. Papadakis is consistently noted in her opinion that Plaintiff was limited by the pain caused by her impairments." *Id.* at 16. Continuing, Plaintiff states that "Dr. Papadakis' opinion is not inconsistent with other substantial evidence in the record." *Id.* Plaintiff indicates that while she "may work for three to seven and a half hours a couple of days

a week, Dr. Papadakis was asked to assess Plaintiff's ability to perform 'work-related activities on a full-time, day-to-day basis in a regular work setting." *Id.* (emphasis in original). To this point, Plaintiff adds that she does not work full-time and that there is no evidence that she works consistently. *Id.* According to Plaintiff, Dr. Papadakis' opinion is "entitled to controlling weight because it was well supported by MRIs and objective evidence from examinations, and it was not inconsistent with substantial evidence in the record." *Id.* at 17.

Defendant contends that substantial evidence supports the ALJ's determination of Plaintiff's RFC. ECF Dkt. #15 at 6. Specifically, Defendant asserts that the ALJ properly considered Plaintiff's subjective symptoms, including the medical opinion evidence, when determining Plaintiff's RFC, and noted that Dr. Papadakis' opinion was not supported by the generally normal examination findings and Plaintiff's ability to work full-time through October 2014 and work part-time after that date. *Id.* Further, Defendant indicated that the ALJ noted that Plaintiff's activities showed that she was not as limited as she alleged, namely, that she was capable of driving and worked part-time two to four days per week in four to seven and a half hour shifts as a substitute library clerk. *Id.* at 9.

Defendant also noted that the ALJ discussed how Dr. Papadakis' opinion was inconsistent with the fact that examinations displayed relatively normal findings, such as: 5/5 strength in the upper and lower extremities; normal range of motion in the spine, bilateral shoulders, and elbows; and normal deep-tendon reflexes, sensation, and gait. *Id.* at 10. Additionally, Defendant states that Dr. Papadakis opined that Plaintiff's condition existed prior to their treatment relationship, that began four and a half years prior, and also asserted that the condition prevented Plaintiff from working full-time or part-time, and that this opinion was inconsistent with Plaintiff's work history. *Id.* at 11. For example, Defendant notes that Plaintiff was working part-time at the time Dr. Papadakis issued the opinion indicating that Plaintiff was unable to work part-time. *Id.*

The ALJ provided "good reasons" for assigning less than controlling weight to Dr. Papadakis' opinion. Regarding the opinion, the ALJ stated:

> On the other hand, I give little weight to the opinion of treating provider Aphrodite Papadakis, M.D., who opined [Plaintiff] is unable to work full time or part time, work 2 hours a day, sit total 3 hours, no lifting, never climb, crouch, kneel, or crawl,

> occasionally balance and stoop, occasionally reach and push/pull, strength in arms compromised, asthma flares with dust inhalation, chemical exposure, and humidity, fibro requires supine rest for overwhelming fatigue, treating 4.5 years, and condition present before his treatment. Dr. Papadakis's restrictions are not consistent with [Plaintiff's] past and current work history and his statement appear extreme given the fact that [Plaintiff] has maintained normal findings during examination, such as 5/5 strength in the upper and lower extremities, normal range of motion of the cervical reflexes, normal sensation to touch, and normal gait. Additionally, Dr. Papadakis's opinions infringe on a matter reserved for [Defendant], whether [Plaintiff] is disabled. [sic]

Tr. at 26-27 (internal citations omitted). The ALJ correctly noted that Dr. Papadakis' opinion was inconsistent with Plaintiff's work history and Dr. Papdakis' own examination notes. While Plaintiff cites medical records, including several treatment notes from Dr. Papdakis, that she alleges support Dr. Papadakis' findings, she fails to reconcile the majority of Dr. Papadakis' own treatment notes with Dr. Papdakis' opinion - the very basis on which the ALJ assigned the opinion less than controlling weight. Additionally, the ALJ correctly noted that Dr. Papadakis' opinion that Plaintiff could not work full-time or part-time was inconsistent with the fact that Plaintiff was working part-time at the time of the hearing, which was held approximately six weeks after Dr. Papadakis issued the opinion. Tr. at 27, 40-41, 1203-1204. Although Plaintiff asserts that Dr. Papdakis was asked to assess Plaintiff's ability to perform full-time work, Dr. Papadakis expressly opined that Plaintiff was "unable to work a full time regimen or even a part time regimen given the items I've discussed." Tr. at 1203 (emphasis in original). This finding was inconsistent with the fact that Plaintiff was working part-time when Dr. Papadakis issued the opinion. Tr. at 40-41, 1203. For these reasons, the Court finds that the ALJ provided "good reasons" for assigning Dr. Papadakis' opinion less than controlling weight and did not violate the treating physician rule.

**B. Side Effects fo Medication**

Next, Plaintiff asserts that the ALJ "never once mentioned a side effect of medication, let alone any findings" and that "[s]ubstantial evidence shows that Plaintiff suffered from side effects that would impact her ability to work." ECF Dkt. #14 at 19. Plaintiff states that the ALJ's finding that she had mild limitation in concentration, persistence, and pace caused by her non-severe impairment of depression combined with the drowsiness caused by her medications required some type of limitation in the RFC finding. *Id.* Continuing, Plaintiff asserts that this error was harmful

because the ALJ would have been required to find Plaintiff disabled if she was limited to simple work. *Id.* at 7-8. Defendant contends that "the ALJ found Dr. Papadakis' restrictions generally unsupported and inconsistent with Plaintiff's ability to work both currently and previously." ECF Dkt. #15 at 15. Continuing, Defendant states that the ALJ found that Dr. Papadakis' opinion was entitled to little weight and therefore did not need to include any of Dr. Papadakis' further restrictions in the RFC finding.

As discussed above, the ALJ properly assigned little weight to Dr. Papadakis' opinion. Accordingly, the ALJ was not required to adopt the limitations contained in the opinion. Further, despite Plaintiff's assertion that "the ALJ never once considered whether Plaintiff even had side effects from her medications," the ALJ expressly noted that "[Plaintiff] reported the side effects of her medication as drowsiness." ECF Dkt. #14 at 19; Tr. at 24. It is clear from the record that the ALJ considered Plaintiff's reported side effect of drowsiness when issuing the decision. Accordingly, Plaintiff's assertion that the ALJ failed to consider the side effects of her medications is without merit.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: August 20, 2018

*/s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE